**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2340
_____

| | |
|---|---|
| Allen Langley, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| State of Iowa, | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: September 23, 1997
Filed: October 8, 1997

_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.


Allen Langley, an Iowa prisoner, appeals the district court's[1] grant of summary judgment against him in his 28 U.S.C. § 2254 action. Langley challenges the district court's determination that there exists no cause to excuse his procedural default. Specifically, Langley claims that he mailed his habeas petition--which he labeled a "Petition Under 28 U.S.C. 2254 For Writ of Habeas Corpus By a Person in State

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

Custody, United States District Court"--to the state court, that the state court mailed it to the federal district court rather than filing it as a state post-conviction motion, and that the state court's conduct should excuse his procedural default.

After de novo review of the record, we agree that Langley's claims are barred from habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Lamp v. Iowa, No. 96-2946, slip op. at 5-7 (8th Cir. Aug. 13, 1997). Although sufficient interference by the State may constitute cause in some circumstances, see Joubert v. Hopkins, 75 F.3d 1232, 1242 (8th Cir.), cert. denied, 116 S. Ct. 2574 (1996), we conclude this case does not present such a circumstance.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.